IN RE D.B.

[Cite as *In re D.B.,* 129 Ohio St.3d 104, 2011-Ohio-2671.]

*Juvenile law — R. C. 2907.02(A)(1)(b) — R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13.*

(No. 2010-0240 — Submitted February 15, 2011 — Decided June 8, 2011.)

APPEAL from the Court of Appeals for Licking County, No. 2009 CA 00024, 2009-Ohio-6841.

_____

SYLLABUS OF THE COURT

R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13.

_____

LANZINGER, J.

{¶ 1} This appeal challenges the constitutionality of applying to a child under the age of 13 the statute that defines sexual activity with a child under 13 as rape, a first-degree felony. R.C. 2907.02(A)(1)(b). The case arises from incidents in which two boys under 13 years of age engaged in sexual activity. Because we hold that the statute is unconstitutional as applied in these circumstances, we reverse.

**I. Case Background**

{¶ 2} On August 1, 2007, appellee, the state of Ohio, filed a complaint in the Juvenile Division of the Court of Common Pleas of Licking County against D.B., who was then 12 years old, charging him with nine counts of rape in violation of R.C. 2907.02(A)(1)(b) arising from conduct occurring between him and an 11-year-old boy, M.G. The complaint also charged D.B. with one count of

rape in violation of R.C. 2907.02(A)(1)(b) arising from conduct occurring with A.W., also 12 years old. All the counts alleged that D.B. was a delinquent child under R.C. 2152.02(F).

{¶ 3}   D.B. filed a motion to dismiss the complaint, alleging that the state could not establish sufficient evidence that he was guilty of rape and that application of R.C. 2907.02(A)(1)(b) in this case violates his federal and state rights to due process and equal protection because the statute is vague and overbroad. The state subsequently filed an amended complaint, which dropped the count related to A.W. and amended multiple counts to allege that D.B. had engaged in forcible sexual conduct with M.G. or had used verbal threats to get him to comply, in violation of R.C. 2907.02(A)(2). The first count of the amended complaint alleged only that D.B. had engaged in sexual conduct with a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b). The remaining eight counts alleged that D.B. had engaged in conduct with M.G. in violation of R.C. 2907.02(A)(1)(b) or R.C. 2907.02(A)(2) (forcible sexual conduct). Each count also alleged that D.B. was a delinquent child under R.C. 2152.02(F).

{¶ 4}   Because the court continued this matter when the complaint was amended, an adjudicatory hearing did not commence until January 30, 2008. The court ruled that it would reserve ruling on D.B.'s motion to dismiss until the end of the state's case. During the hearing, the state called Detective Donna Berryhill, D.B.'s father Shawn B., and the minors, A.W. and M.G., to testify.

{¶ 5}   A.W. testified that he had observed D.B. and M.G. engage in anal sex. A.W. testified that D.B. "bribed" M.G. with video games to engage in sexual conduct. Both A.W. and M.G. stated that the sexual conduct was always initiated by D.B. and that D.B. would either bargain with, or use physical force on, M.G. to convince M.G. to engage in sexual conduct.

**{¶ 6}** According to A.W., D.B. and M.G. did not engage in sexual conduct until M.G. himself agreed to the activity. D.B.'s father testified that while D.B. was significantly bigger than other children his age, he was not an aggressive child and he never used his size to bully or intimidate other children.

**{¶ 7}** Defense counsel moved for acquittal at the conclusion of the state's case. The court dismissed counts 3, 4, 5, and 6 after finding that no specific evidence existed to support them. Determining that there was no basis for finding that D.B. had engaged in forcible sexual conduct, the court also dismissed those portions of counts 2, 7, and 9 that alleged forcible rape. D.B.'s motion to dismiss the counts alleging a violation of R.C. 2907.02(A)(1)(b) was denied.

**{¶ 8}** The hearing resumed on March 4, 2008. Count 1, count 8, and the allegations of violations of R.C. 2907.02(A)(1)(b) in counts 2, 7, and 9 remained from the amended complaint. Following the presentation of the defense's case, the court stated that while there was "no question whatsoever" that the sexual acts detailed in the remaining counts took place, it could not find that D.B used force during any of the acts. The court therefore adjudicated D.B. delinquent based on the violation of R.C. 2907.02(A)(1)(b) alleged in counts 1, 2, 7, 8, and 9.

**{¶ 9}** At the dispositional hearing, the court committed D.B. to the Department of Youth Services for a minimum of five years to the maximum period of his 21st birthday, suspended the commitment, and placed D.B. on probation for an indefinite period of time. The court further ordered D.B. to attend counseling and group therapy.

**{¶ 10}** On appeal to the Fifth District Court of Appeals, D.B. argued that application of R.C. 2907.02(A)(1)(b) violated his federal rights to due process and equal protection, that the juvenile court abused its discretion in adjudicating him delinquent for rape, and that the juvenile court erred in overruling a motion to suppress statements he had made to law enforcement when he was questioned in

his bedroom and at the sheriff's office.[1] *In re D.B.*, Licking App. No. 2009 CA 00024, 2009-Ohio-6841, at ¶ 9-12. The court of appeals upheld the constitutionality of R.C. 2907.02(A)(1)(b) as applied and held that the trial court did not abuse its discretion in adjudicating D.B. delinquent for rape for engaging in sexual conduct with an 11-year-old child. Id. at ¶ 23, 28.

{¶ 11} We accepted jurisdiction over appellant's proposition of law, which states that application of R.C. 2907.02(A)(1)(b) to a child under the age of 13 violates the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions.[2] See *In re D.B.*, 125 Ohio St.3d 1437, 2010-Ohio-2212, 927 N.E.2d 9.

## II. Analysis

{¶ 12} D.B. does not assert that R.C. 2907.02(A)(1)(b) is unconstitutional on its face, meaning that it can never be applied without violating constitutional rights, but asserts that it is unconstitutional as applied to him. "A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts. See, e.g., *United States v. Eichman* (1990), 496 U.S. 310, 312, 110 S.Ct. 2404, 110 L.Ed.2d 287. In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.' *Ada v. Guam Soc. of Obstetricians & Gynecologists* (1992), 506 U.S. 1011, 113 S.Ct.

---

1. The court of appeals held that these interviews were custodial, that the statements made by D.B. during these interviews should have been suppressed because he was not given any warnings pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that neither he nor his parents were informed of the potential for criminal charges. *In re D.B.*, Licking App. No. 2009 CA 00024, 2009-Ohio-6841, at ¶ 40-41. The court ruled, however, that the admission of these statements was harmless because it did not affect the outcome of the trial. Id. at ¶ 45-46. Although the interrogation methods used in this case are troubling, this issue is not before us, and we thus refrain from further comment.

2. Because appellant argued only a violation of his federal constitutional rights of due process and equal protection during his appeal to the Fifth District, we will not address his allegations regarding the state constitution in this opinion.

633, 121 L.Ed.2d 564 (Scalia, J., dissenting)." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. Thus, we focus on the statute and its particular application in an as-applied challenge.

{¶ 13} R.C. 2907.02(A)(1)(b) criminalizes what is commonly known as "statutory rape." The statute holds offenders strictly liable for engaging in sexual conduct with children under the age of 13—force is not an element of the offense because a child under the age of 13 is legally presumed to be incapable of consenting to sexual conduct.

{¶ 14} R.C. 2907.02(A)(1) provides:

{¶ 15} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

{¶ 16} " * * *

{¶ 17} "(b) The other person is less than 13 years of age, whether or not the offender knows the age of the other person."

{¶ 18} The statute furthers the state's interest in protecting young children. Indeed, the Legislature Service Commission stated that R.C. 2907.02(A)(1)(b) was created to protect a prepubescent child from the sexual advances of another because "engaging in sexual conduct with such a person indicates vicious behavior on the part of the offender." 1973 Legislative Service Commission comments to Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866.

{¶ 19} D.B. argues that R.C. 2907.02(A)(1)(b) is unconstitutional in two ways. First, he argues that the statute is vague as applied to children under the age of 13 and thus violates his right to due process. Second, he argues that the statute was applied in an arbitrary manner in this case in contravention of his constitutional right to equal protection. This case thus asks whether a child's federal constitutional rights are violated when, as a member of the class protected

under R.C. 2907.02(A)(1)(b), he or she is adjudicated delinquent based upon a violation of this statute.

### A. Due Process

**{¶ 20}** D.B. argues that R.C. 2907.02(A)(1)(b) is unconstitutional as applied to him because it fails to provide guidelines that designate which actor is the victim and which is the offender, resulting in arbitrary and discriminatory enforcement.

**{¶ 21}** "It is fundamental that a court must 'presume the constitutionality of lawfully enacted legislation.' *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, citing *Univ. Hts. v. O'Leary* (1981), 68 Ohio St.2d 130, 135, 22 O.O.3d 372, 429 N.E.2d 148, and *Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 396, 16 O.O.3d 430, 405 N.E.2d 1047. * * * Accordingly, the legislation in question 'will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt.' Id. at 39, 616 N.E.2d 163." *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4.

**{¶ 22}** Juvenile delinquency hearings " 'must measure up to the essentials of due process and fair treatment.' " *In re Gault* (1967), 387 U.S. 1, 30, 87 S.Ct. 1428, 18 L.Ed.2d 527, quoting *Kent v. United States* (1966), 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84. Due process is not satisfied if a statute is unconstitutionally vague. *Skilling v. United States* (2010), __ U.S. __, 130 S.Ct. 2896, 2928, 177 L.Ed.2d 619. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement. *Chicago* v. *Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999)." *Hill v. Colorado* (2000), 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597.

**{¶ 23}** The United States Supreme Court has identified the second reason as the primary concern of the vagueness doctrine: "[T]he more important aspect of vagueness doctrine 'is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement.' *Smith [v. Goguen* (1974)], 415 U.S. [566, 574, 94 S.Ct. 1242, 39 L.Ed.2d 605]. * * * Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' Id., at 575, 94 S.Ct., at 1248." *Kolender v. Lawson* (1983), 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903. This prong of the vagueness doctrine not only upholds due process, but also serves to protect the separation of powers: "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government." *United States v. Reese* (1876), 92 U.S. 214, 221, 23 L.Ed. 563.

**{¶ 24}** As applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.

**{¶ 25}** The facts of this case provide an example of the temptation for prosecutors to label one child as the offender and the other child as the victim. Based apparently upon the theory that D.B. forced M.G. to engage in sexual conduct, the state alleged that D.B., but not M.G., had engaged in conduct that

constituted statutory rape. However, while the theory of D.B. as the aggressor was consistent with the counts alleging a violation of R.C. 2907.02(A)(2), which proscribes rape by force, this theory is incompatible with the counts alleging a violation of statutory rape because anyone who engages in sexual conduct with a minor under the age of 13 commits statutory rape regardless of whether force was used. Thus, if the facts alleged in the complaint were true, D.B. and M.G. would both be in violation of R.C. 2907.02(A)(1)(b).

{¶ 26} The prosecutor's choice to charge D.B. but not M.G. is the very definition of discriminatory enforcement. D.B. and M.G. engaged in sexual conduct with each other, yet only D.B. was charged.[3]  The facts of this case demonstrate that R.C. 2907.02(A)(1)(b) authorizes and encourages arbitrary and discriminatory enforcement when applied to offenders under the age of 13. The statute is thus unconstitutionally vague as applied to this situation.

{¶ 27} It must be emphasized that the concept of consent plays no role in whether a person violates R.C. 2907.02(A)(1)(b): children under the age of 13 are legally incapable of consenting to sexual conduct. Furthermore, whether D.B. used force to engage in sexual conduct does not play a role in our consideration of R.C. 2907.02(A)(1)(b). The trial court found that D.B. did not use force. Whether an offender used force is irrelevant to the determination whether the offender committed rape under R.C. 2907.02(A)(1)(b).

{¶ 28} We note that while we hold that R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under the age of 13, a child under the age of 13 may be found guilty of rape if additional elements are shown: the offender substantially impairs the other person's judgment or control, R.C. 2907.02(A)(1)(a); the other person's ability to resist or consent is substantially impaired because of a mental

---

3. Furthermore, the initial complaint detailed sexual conduct between D.B. and A.W., yet charged only D.B. with rape in violation of R.C. 2907.02(A)(1)(b).

or physical condition, R.C. 2907.02(A)(1)(c); or the offender compels the other person to submit by force or threat of force, R.C. 2907.02(A)(2). None of those additional elements was present here.

### B. Equal Protection

{¶ 29} Application of R.C. 2907.02(A)(1)(b) in this case also violates D.B.'s federal right to equal protection. "The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.' *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920)." *Plyler v. Doe* (1982), 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786.

{¶ 30} The plain language of the statute makes it clear that every person who engages in sexual conduct with a child under the age of 13 is strictly liable for statutory rape, and the statute must be enforced equally and without regard to the particular circumstances of an individual's situation. R.C. 2907.02(A)(1)(b) offers no prosecutorial exception to charging an offense when every party involved in the sexual conduct is under the age of 13; conceivably, the principle of equal protection suggests that both parties could be prosecuted as identically situated. Because D.B. and M.G. were both under the age of 13 at the time the events in this case occurred, they were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violates the Equal Protection Clause's mandate that persons similarly circumstanced shall be treated alike.

{¶ 31} All three boys allegedly engaged in sexual conduct with a person under the age of 13; however, only D.B. was charged with a violation of R.C. 2907.02(A)(1)(b). This arbitrary enforcement of the statute violates D.B.'s right to equal protection. We accordingly hold that application of the statute in this case violated D.B.'s federal equal-protection rights. The statute is unconstitutional as applied to him.

### III. Conclusion

{¶ 32} R.C. 2907.02(A)(1)(b) prohibits one from engaging in sexual conduct with a person under the age of 13. As applied to offenders who are under the age of 13 themselves, the statute is unconstitutionally vague in violation of the Due Process Clause of the United States Constitution because arbitrary and discriminatory enforcement is encouraged. Application of the statute in this case also violates the Equal Protection Clause of the United States Constitution because only one child was charged with being delinquent, while others similarly situated were not.

{¶ 33} We thus hold that R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and MCGEE BROWN, JJ., concur.

CUPP, J., concurs in the judgment, syllabus, and opinion of the court on the basis of the due process analysis only.

_____

Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant Public Defender, for appellant.

Kenneth Oswalt, Licking County Prosecuting Attorney, and Christopher A. Reamer, Assistant Prosecuting Attorney, for appellee.

Juvenile Law Center, Marsha L. Levick, Lourdes M. Rosado, Jessica R. Feierman, and Riya S. Shah; National Center for Lesbian Rights, Jody Marksamer, and Ilona Turner; and Nadia Natasha Seeratan, urging reversal for amici curiae Juvenile Law Center; National Juvenile Defender Center; National Center for Lesbian Rights; Barton Child Law and Policy Center, Emory School of Law; Children and Family Justice Center, Bluhm Legal Clinic; Juvenile Justice

Initiative of Illinois; Midwest Juvenile Defender Center; Tamar Birkhead; Jeffrey Fagan; Therese Glennon; Martin Guggenheim; Barry Krisberg; Elizabeth Letourneau; and Gail Ryan.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Phillip R. Cummings, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

_____