[Cite as *In re D.R.*, 2012-Ohio-5341.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.    12 MA 16 |
| | ) | |
| D.R., | ) | O P I N I O N |
| | ) | |
| ALLEGED DELINQUENT CHILD. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Juvenile Division, Case No.
                                 11JA702.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Appellant:                   Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Appellee:                    Attorney John Juhasz
                                 7081 West Boulevard, Suite 4
                                 Youngstown, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated: November 14, 2012

VUKOVICH, J.

**{¶1}** Appellant State of Ohio appeals the decision of the Mahoning County Juvenile Court that dismissed the complaint against alleged delinquent child-appellee D.R. The complaint asserted that D.R. was delinquent because he committed two counts of statutory rape. The basis for dismissing the complaint was the Ohio Supreme Court's decision in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671. The Juvenile Court interpreted that decision to stand for the proposition that the statutory rape provision in the rape statute is unconstitutional as applied to a child under 13 years of age who is alleged to have had sexual conduct with another child under the age of 13.

**{¶2}** We have two issues to decide in this case. The first is a procedural issue. It is whether the state's objection to the magistrate's decision to dismiss the complaint complied with Juv.R. 40 and, thus, preserved the merit argument. Specifically, D.R. asserts that the objection was general and not specific enough to preserve the issue for appeal. If this court finds that there is no merit to the procedural issue, the merit issue is whether the Juvenile Court misinterpreted and misapplied the Ohio Supreme Court's decision in *In re D.B.*

**{¶3}** For the reasons expressed below, the judgment of the trial court is hereby affirmed. Procedurally, the state's objection to the magistrate's decision is specific enough to satisfy the Juv.R. 40 requirements. However, the state's merit argument fails because the Juvenile Court did not misapply *In re D.B.*; dismissal of the complaint was required.

<u>STATEMENT OF THE CASE</u>

**{¶4}** On May 26, 2011 a complaint was issued against alleged delinquent child D.R. The complaint alleged that on or about April 6, 2011, D.R. committed two counts of rape, in violation of R.C. 2907.02(A)(1)(b), statutory rape, first-degree felonies if committed by an adult. D.R. was 11 years old at the time of the alleged offense. The victim, A.S., was 4 years old at the time of the alleged offense.

**{¶5}** The police reports and children services' reports indicate that D.R. pulled down A.S.'s pants and licked her vagina and buttocks/anal area. The report

also indicates that A.S. licked D.R.'s penis. One report indicates that A.S. stated that she "accidently" said yes to D.R.'s request that she lick his penis.

**{¶6}** The inappropriate sexual conduct was discovered when at bath time A.S.'s mother noticed that A.S.'s vagina was red. She asked A.S. if anyone inappropriately touched her. A.S. then relayed the above discussed sexual conduct. A.S.'s mother contacted D.R.'s mother about the incident. This resulted in a discussion between D.R. and his mother in which he admitted to the conduct. A.S. and D.R.'s mothers talked to the children about the inappropriateness of the conduct and both mothers agreed that they would take the children to counseling. Once the children went to counseling, the counselors were under a duty of law to report the incident to children services and the police.

**{¶7}** In June 2011, the Ohio Supreme Court released its decision in *In re D.B.* Thereafter, in September 2011, D.R. filed a motion to dismiss the complaint on the basis of the Ohio Supreme Court's decision. A hearing was held on the motion in early October 2011. After taking the matter under advisement, the magistrate issued a decision to dismiss the complaint based on the *In re D.B.* decision. 11/04/11 Magistrate's Decision. Within five days of the magistrate's decision the state filed an objection. 11/09/11 Objection. On November 14, 2011, the juvenile court adopted and incorporated the magistrate's decision, but did not rule on the objection. In January 2012, the juvenile court overruled the objection and once again adopted the magistrate's decision. 01/05/12 J.E.

**{¶8}** D.R. timely appeals from that decision.

ASSIGNMENT OF ERROR

**{¶9}** "The Juvenile Court abused its discretion when it dismissed the complaint against D.R. when it found that R.C. 2907.02(A)(1)(b) was unconstitutional as-applied to him (an 11-year-old boy), because the statute was utilized as a shield to protect A.S. (a 4-year-old girl) from sexual abuse, rather than a sword to arbitrarily adjudicate D.R. a delinquent for engaging in sexual conduct."

**{¶10}** As aforementioned, there are two issues for this court to address. The first is whether the state complied with Juv.R. 40 when it objected to the magistrate's ruling that the complaint should be dismissed.

**{¶11}** Juv.R. 40 is the rule that governs magistrate's rights and duties in the juvenile courts. It provides that written objections to a magistrate's decision are to be filed within 14 days of the filing of the decision. The failure to file objections waives the party's right to appeal any factual findings or legal conclusions, except for plain error. Juv.R. 40(D)(3)(b)(iv). The rule requires specific objections; it provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). Appellate courts have held that the failure to file specific objections is treated the same as the failure to file any objections. *In re K.M.D.*, 4th Dist. No. 11CA3289, 2012-Ohio-755, ¶ 15; *In re D.R.,* 12th Dist. No. CA2009–01–018, 2009–Ohio–2805, ¶ 29; *In re Sox*, 7th Dist. No. 06MA35, 2006-Ohio-7116, ¶ 28.

**{¶12}** The objection in this case consists of three paragraphs. The second paragraph contains the objection and in one sentence states:

> For cause, the state of Ohio contends that the Magistrate's Decision to Dismiss the Complaint filed in the above referenced matter was unreasonable and a judicial misinterpretation of the Supreme Court's Decision in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671.

11/09/11 Objection.

**{¶13}** This objection is based on the legal conclusion drawn by the magistrate. This objection clearly attacks the magistrate's interpretation of *In re D.B.* Granted the objection could have provided further argument as to how the magistrate misinterpreted *In re D.B.* and indicated the correct application of *In re D.B.* However, this is not a typical general objection, such as objecting to the dismissal of the complaint. Rather, the objection is clear as to the legal conclusion the state is disputing.

**{¶14}** D.R. quotes a portion of a prior decision from our court, *DePaul*, and contends that the objection at issue here is as general as the objection in that case. In *DePaul* we stated:

In the first two of his three assignments of error, Phillips argues:

"The court committed an error of law and abused its discretion in admitting a psychological report and opinion of Dr. Palumbo into evidence when Dr. Palumbo neither administered nor scored the two psychological tests upon which his report and opinion were based."

"The court committed an error of law and abused its discretion in admitting a psychological report and opinion of Dr. Palumbo into evidence that relied on an able assessment, which was administered but not scored by Mr. Jerald Heinbaugh and which is not a generally accepted test in the field of psychology in terms of verifiability and reliability."

However, we cannot address the substance of either of these assignments of error since Phillips did not raise these issues in his objections to the trial court. Juv.R. 40(E)(3)(b) requires that a party's objection to a magistrate's decision "be specific and state with particularity the grounds of objection." "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Juv.R. 40(E)(3)(d).

In this case, the magistrate gave detailed findings of fact and conclusions of law in its decision. Phillips then filed objections to that decision, but those objections were general, not specific. Those objections argued as follows:

"Pursuant [to the magistrate's decision], the Defendant objects to said Magistrate's Decision based upon the fact that the Magistrate committed an error of law and abused her discretion relative to the proceedings in this matter. That is, pursuant to the proceedings in this matter, the evidence as presented to the Court clearly showed the Defendant's ability to parent his child; as well as refuting any allegations of inappropriate conduct by the Defendant with respect to the parties' subject minor child, Alexia DePaul.

"Therefore, the Magistrate abused her discretion and committed an error of law with respect to her Order that it is in the subject minor's best interest that the Plaintiff/Mother be designated as the residential parent of the subject minor child; that it was an abuse of discretion and an error of law in determining that the Defendant/Father's companionship shall be supervised at the Hope House for an indeterminate period into the future and that it was an abuse of discretion and an error of law for this Court to order both parties into mediation prior to a Motion to Modify Parental Rights and Responsibilities relative to the above matter in an attempt to resolve the current issues in these proceedings."

Notably, these objections do not mention in any way the issues Phillips raises in his first two assignments of error regarding whether the trial court should have admitted the report of Dr. Palumbo despite the fact that the magistrate specifically addressed those issues at paragraph 22 of the decision.

As we have previously stated, a party's failure to make a particular argument in its objections to a magistrate's decision waives that argument; general objections do not preserve specific issues. See *Solomon v. Solomon,* 7th Dist. No. 03 MA 204, 2004-Ohio-2486, at ¶

11; *Jefferson County Child Support Enforcement Agency ex rel. Brown v. Horkulic,* 7th Dist. No. 02 JE 43, 2003-Ohio-1242, at ¶ 10; see also *State ex rel. Cleveland Steel Erectors Corp. v. Stewart* (1999), 86 Ohio St.3d 578, 580-581, 1999-Ohio-0127. Thus, Phillips has waived the arguments in his first and second assignments of error and we will not address them in this appeal.

*In re DePaul v. Phillips*, 04 MA 271, 2005-Ohio-6784, ¶ 12-20.

{¶15} The objections in *DePaul* are more general than the objection here. Here, the objection is specific as to a question of law, i.e. the interpretation of the Ohio Supreme Court's decision in *In re. D.B.*, which is the same argument made on appeal. Accordingly, we hold that although the objection could have been more specific, it complied with Juv.R. 40. As such, the issue was preserved for appellate purposes.

{¶16} Having resolved the procedural issue, our analysis now turns to whether the Juvenile Court misapplied *In re D.B.* We apply a de novo standard of review in determining the correctness of the Juvenile Court's decision to dismiss the indictment. *State v. Saxon,* 9th Dist. No. 09CA009560, 2009–Ohio–6905, ¶ 5.

{¶17} In *In re D.B.*, the Ohio Supreme Court was asked to decide whether R.C. 2907.02(A)(1)(b), the statutory rape provision, was unconstitutional as applied to a child under the age of 13 who is alleged to be the perpetrator of the sexual activity. *In re D.B.* 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, ¶ 1. In that case, two boys under the age of 13, one was 12 years old and the other was 11 years old, engaged in sexual activity. The 12 year old, D.B., was charged with both forcible rape and statutory rape. After considering the evidence, the court found that it could not find that D.B. used force. However, he was adjudicated delinquent based on a finding that statutory rape occurred.

{¶18} On appeal to the Fifth Appellate District, D.B. argued that the application of the statutory rape provision to him violated his federal rights to due process and equal protection. The court of appeals upheld the constitutionality of

R.C. 2907.02(A)(1)(b) as applied to D.B. *In re D.B.,* 5th Dist. No. 2009 CA00024, 2009-Ohio-6841, ¶ 23, 28.

**{¶19}** In a unanimous decision, the Ohio Supreme Court reversed the appellate court's decision. All of the Justices found that application of R.C. 2907.02(A)(1)(b) to a child under 13 years of age violated due process. *In re D.B.*, 2011-Ohio-2671. All but one of the Justices found an equal protection violation. *In re D.B.*, 2011-Ohio-2671 (Justice Cupp concurred in judgment, syllabus and opinion of the court on the basis of due process analysis only).

**{¶20}** As to the due process violation, the Court stated:

> As applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.

*In re D.B.*, 2011-Ohio-2671, ¶ 24.

**{¶21}** The court then went on to explain that the case at hand provides an example of the temptation for a prosecutor to label one child the offender and the other child the victim. *Id.* at ¶ 25.

**{¶22}** That is a true assessment of that case since it was an 11 and 12 year old engaging in sexual conduct and there was no force found. However, as the state in our case points out, those are not the facts here. We have an 11 year old and a 4 year old. The state argues that given the ages, it is very unlikely that the 11 year old is not the perpetrator. Thus, according to it, the possibility of arbitrary and discriminatory enforcement does not seem a factor given the facts of the case at hand.

**{¶23}** While it is easy to see the state's point, the specific holding in *In re D.B.* that, "R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under the age of 13." *Id.* at syllabus, ¶ 33. This holding does not focus on the age span between the alleged victim and alleged perpetrator, but rather on the fact that both parties are under the age of 13. *Id.* at syllabus, ¶ 24, 26, 28, 30-33.

**{¶24}** Furthermore, it is important to remember, as the *In re D.B.* case explains, that statutory rape is a strict liability offense that prohibits sexual conduct with children under the age of 13. Force is not an element because children under the age of 13 are legally presumed to be incapable of consenting. *Id.* at ¶ 13. Even an alleged perpetrator who is under the age of 13 is incapable of consenting:

> It must be emphasized that the concept of consent plays no role in whether a person violates R.C. 2907.02(A)(1)(b): children under the age of 13 are legally incapable of consenting to sexual conduct.
>
> * * *
>
> The plain language of the statute makes it clear that every person who engages in sexual conduct with a child under the age of 13 is strictly liable for statutory rape, and the statute must be enforced equally and without regard to the particular circumstances of an individual's situation. R.C. 2907.02(A)(1)(b) offers no prosecutorial exception to charging an offense when every party involved in the sexual conduct is under the age of 13; conceivably, the principle of equal protection suggests that both parties could be prosecuted as identically situated. Because D.B. and M.G. were both under the age of 13 at the time the events in this case occurred, they were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violates the Equal Protection Clause's mandate that persons similarly circumstanced shall be treated alike.

*Id.* at ¶ 27, 30.

**{¶25}** Therefore, based on this analysis and holding, if both the alleged victim and the alleged perpetrator are under the age of 13, neither party can be charged with statutory rape. As explained above, in the context of statutory rape, the ages of the alleged victim and alleged perpetrator do not make a difference when both are under the age of 13.

**{¶26}** It is easy to sympathize with the state's position given the physiological and emotional age disparity between the alleged victim and alleged perpetrator in this case. However, the analysis and holding in *In re D.B.* does not allow us to ignore the plain holding of the Ohio Supreme Court. As such, we conclude that the Mahoning County Juvenile Court did not err in dismissing the complaint for statutory rape against D.R, who was under the age of 13 at the time of the alleged offense.

**{¶27}** That said, we note that the determination that a child cannot be charged and found guilty of statutory rape does not mean that children under the age of 13 cannot be found guilty of rape. As the Ohio Supreme Court has noted, a child may be found guilty of rape as long as additional elements are shown, such as:

> [T]he offender substantially impairs the other person's judgment or control, R.C. 2907.02(A)(1)(a); the other person's ability to resist or consent is substantially impaired because of a mental or physical condition, R.C. 2907.02(A)(1)(c); or the offender compels the other person to submit by force or threat of force, R.C. 2907.02(A)(2).

*Id.* at ¶ 28.

**{¶28}** Moreover, given the facts of cases such as the one before us, the Ohio Supreme Court may limit its holding in *In re D.B.* Or the general assembly may take it upon itself to address situations like the one before us where both the alleged perpetrator and alleged victim are under the age of 13, but there is such a physical, mental, and emotional age disparity that it is clear who is the perpetrator and who is the victim.

**{¶29}** In conclusion, the state's sole assignment of error lacks merit. While procedurally the state preserved the issue for review, its merit argument fails because the Juvenile Court did not misinterpret and/or misapply *In re D.B.* to the case at hand.

**{¶30}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.