[Cite as *In re S.L. McC. Jr.*, 2014-Ohio-2485.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF | : | JUDGES: |
| | : | |
| S. L. McC. JR. | : | Hon. William B. Hoffman, P.J. |
| A DELINQUENT CHILD. | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2013CA0016 |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coshocton County Court of Common Pleas, Juvenile Division, Case No. 20920043 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT: | June 5, 2014 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JASON GIVEN<br>Prosecuting Attorney | BROOKE M. BURNS<br>Assistant State Public Defender<br>250 East Broad Street, Suite 1400<br>Columbus, OH 43215 |
| By: BENJAMIN E. HALL<br>Assistant Prosecuting Attorney<br>318 Chestnut Street<br>Coshocton, OH 43812 | |

*Baldwin, J.*

{¶1}    Appellant S.L. Mc.C. Jr. appeals from the May 21, 2013 Judgment Entry of the Coshocton County Court of Common Pleas, Juvenile Division, committing him to the legal custody of the Ohio Department of Youth Services.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On April 22, 2009, a complaint was filed alleging that appellant (DOB 1/4/96) was delinquent of four counts of statutory rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult, and two count of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree if committed by an adult. The offenses were alleged to have occurred on or between November 1, 2008 and February 28, 2009.

{¶3}    On June 17, 2009, appellant entered admissions to two of the counts of rape and one of the counts of gross sexual imposition. The trial court found appellant delinquent and the remaining counts were dismissed. A dispositional hearing was scheduled for July 21, 2009. As memorialized in a Judgment Entry filed on the same date,   the trial court imposed a minimum one year commitment to the Ohio Department of Youth Services (DYS) for the offenses of rape and a minimum six month commitment to DYS for the offense of gross sexual imposition, to be served consecutively. The trial court suspended the sentence and placed appellant on probation for an indefinite period of time under specified terms and conditions.

{¶4}    The State, on April 16, 2013, filed a motion alleging that appellant had violated his probation and asking that appellant's suspended sentence to DYS be invoked.

{¶5}    At the start of a hearing on May 21, 2013, the State withdrew its motion with regard to one of the counts of rape and the count of gross sexual imposition. The trial court, pursuant to a Judgment Entry filed on May 21, 2013, found that appellant had failed to abide by the terms and conditions of his probation and granted the motion to invoke his suspended DYS commitment. The trial court ordered that appellant be committed to the legal custody of DYS for the charge of rape.

{¶6}    Appellant appealed from the trial court's May 21, 2013 Judgment Entry, raising the following assignments of error on appeal:

{¶7}    THE COSHOCTON COUNTY JUVENILE COURT VIOLATED SCOTT M.'S RIGHT TO DUE PROCESS WHEN IT COMMITTED HIM TO DYS BASED ON AN UNCONSTITUTIONAL ADJUDICATION. *IN RE D.B.*, 129 OHIO ST.3D 104, 2011-OHIO-2671, 950 N.E.2D 528. (VOL. II, T.PP. 14-17; A-1). FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16.

{¶8}    SCOTT M. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE COSHOCTON COUNTY JUVENILE COURT'S INVOCATION OF SCOTT'S SUSPENDED COMMITMENT TO DYS FOR AN OFFENSE THAT THE SUPREME COURT OF OHIO HAS FOUND UNCONSTITUTIONAL. (VOL. II, T.PP. 14-17; A-1). *IN RE D.B.*, 129 OHIO ST.3D 104, 2011-OHIO-2671, 950 N.E.2D 528, APPLIED. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 10.

{¶9}    Appellant, on January 10, 2014, filed a Motion for Limited Remand to the Juvenile Court.  Appellant, in his motion, stated that on December 5, 2013, he had filed a Motion to Vacate  or in the Alternative Relief from  Judgment in  the juvenile court asking that such court vacate its July 21, 2009 Judgment Entry committing him to DYS. Appellant argued that he was under 13 when his rape adjudications occurred and that, under *In re D.B.*, supra, he could not be culpable for violating R.C. 2907.02(A)(1)(b). Appellant asked that the trial court vacate his rape adjudications.   Pursuant to a Judgment Entry filed on January 17, 2014, this Court granted the motion and remanded the matter to the trial court to rule on appellant's pending motion to vacate.

{¶10}   The trial court, in a Judgment Entry filed on February 6, 2014,  invoked appellant's suspended DYS sentence on Count 5, gross sexual imposition. The trial court also ordered that appellant's prior commitment for the invoked Count 1, rape, be terminated.

I

{¶11}   Appellant, in his first assignment of error, now argues that the trial court violated his right to due process when it committed him to DYS based on an unconstitutional adjudication. We agree.

{¶12}    We note that In *In Re: Gault* , 387 U.S. 1, 87 S.Ct. 1428 (1967), the United States Supreme Court held that courts must afford juveniles the protections of the Due Process Clause of the Fourteenth Amendment, including notice of the charges, trial rights, and the effective assistance of counsel.

{¶13}    Appellant specifically cites to *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, in support of his argument that his probation violation was based

on an underlying adjudication for rape in violation of R.C. 2907.02(A)(1)(b) which has been deemed unconstitutional.  In  the Ohio Supreme Court case *In re D.B.,* 129 Ohio St.3d 104, 2011–Ohio–2671, 950 N.E.2d 528, a 12 year old child was found to be delinquent by reason of committing the offense of statutory rape against a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b).  R.C. 2907.02(A)(1)(b) provides that "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:…

{¶14}  "(b) The other person is less than 13 years of age, whether or not the offender knows the age of the other person."

{¶15}  The Supreme Court, in *D.B.*, held as follows in analyzing whether or not the  12 year old child's due process rights had been violated : "As applied to children under the age of 13 who engage in *consensual* sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down." (Emphasis added.) Id at paragraph 24.  The Court held in the syllabus that R.C. 2907.02(A)(1)(b) was unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13.

{¶16}   In the case sub judice, the victim was under the age of 13.  The complaint alleged that the offenses occurred on or between November 1, 2008 and February 28, 2009. Thus, during most of such time frame, appellant, who was born on January 4, 1996, was under the age of 13.

{¶17}   Based on the holding of the Ohio Supreme Court in *D.B.*, we find that appellant's due process rights were violated when he was adjudicated delinquent for rape in violation of R.C. 2907.02(A)(1)(b) and subsequently committed to DYS with respect to such  adjudication.

{¶18}   Appellant's first assignment of error is, therefore, sustained.

II

{¶19}   Appellant, in his second assignment of error, argues that his trial counsel was ineffective in failing to object when the trial court invoked appellant's suspended commitment to DYS for rape in violation of R.C. 2907.02(A)(1)(b).

{¶20}   Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

{¶21} Accordingly, the judgment of the Coshocton County Court of Common Pleas, Juvenile Division, is reversed. This matter is remanded to the trial court with directions to vacate appellant's adjudication and commitment to DYS for the offense of rape in violation of R.C. 2907.02(A)(1)(b).

By: Baldwin, J.

Hoffman, P.J. and

Gwin, J. concur.