O'Neill, J.
*938 *109 {¶ 1} Appellant, D.S., allegedly engaged in acts of sexual contact with another boy. Both boys were under the age of 13. In this appeal, we consider whether the juvenile court properly dismissed the complaint pursuant to Juv.R. 9(A) before the delinquency case against D.S. progressed to a formal court proceeding. Because we determine that the order to dismiss was appropriate, we reverse the *110 judgment of the court of appeals and reinstate the juvenile court's order dismissing the case.
Facts and Procedural History
{¶ 2} Appellee, the state of Ohio, charged D.S., then a 12-year-old, with three delinquency counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4) on November 25, 2013, for events that had allegedly occurred about five weeks before. The alleged victim was almost ten years old at the time. The complaint alleged in count one that D.S. engaged in sexual contact by touching and rubbing the victim's penis on numerous occasions. In counts two and three, the complaint alleged that D.S. engaged in sexual contact by having anal intercourse with and performing fellatio on the other boy. The complaint specifically alleged that the instances of sexual contact in counts two and three were committed by engaging "in sexual conduct." The complaint did not allege the use of force or the threat of force.
{¶ 3} D.S. moved to dismiss the complaint on the authority of our decision in In re D.B. , 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528. The motion claimed that R.C. 2907.05(A)(4) was unconstitutional as applied to D.S., arguing that "[t]he court should find that the principles established in In re D.B. apply to sexual contact as well as sexual conduct." In support, the motion argued that in the absence of an allegation of force or the threat of force, there is no reasoned basis for deciding which of two children under the age of 13 had a purpose of sexual gratification. Finally, the motion argued that the matter should be dismissed pursuant to Juv.R. 9(A), in accordance with our decision in In re M.D. , 38 Ohio St.3d 149, 527 N.E.2d 286 (1988). A magistrate held a hearing on the motion and decided that it should be denied, finding that D.B. did not require dismissal and that the factual record had not been sufficiently developed for dismissal to be appropriate under Juv.R. 9(A).
{¶ 4} D.S. filed objections to the magistrate's decision denying the motion to dismiss, making the same arguments to the juvenile court. The juvenile court sustained the objections and dismissed the case. Referring to the allegations in the complaint, the court stated that since "[t]hese children are quite close in age, it is arbitrary to decide who should be charged and who should not, given there is no threat of force or violence." Accordingly, the court held R.C. 2907.05(A)(4) unconstitutional as applied to D.S. The court went on to also hold that dismissal was proper under Juv.R. 9, finding that
there are alternative methods available to provide for the treatment needs of both children and to protect the community as a whole without the use of formal Court action. If the parents are not able to provide *939 the treatment *111 necessary, a dependency action may be filed on behalf of the child needing the services. The Court does not find it is in the best interest of either child, given the facts of this case, to continue with the prosecution of this matter.
{¶ 5} The state appealed, arguing that dismissal-whether based upon an as-applied constitutional challenge or under Juv.R. 9(A) -was improper, because the factual record was too limited. The state claimed that the record should have been further developed, because the offense of gross sexual imposition, R.C. 2907.05(A)(4), includes a "purpose" element that provides a method for determining which of two children under age 13 has violated the statute. A majority of the court of appeals agreed with the state that R.C. 2907.05(A)(4)"provides a means of differentiating between the victim and the offender, an attribute which distinguishes it from the statutory rape provision at issue in In re D.B ." 2016-Ohio-2810, 2016 WL 2348325, ¶ 16. The majority also agreed with the state that "the trial court's reasoning and the present record is devoid of sufficient information" to allow a court to make a determination under Juv.R. 9(A). Id. at ¶ 25. The dissenting judge below would have affirmed. Viewing the facts in the record-the relative ages of the children involved and the lack of an allegation of force or threat of force-to be a sufficient basis for dismissal of the complaint under Juv.R. 9(A), the dissenter would have held that the juvenile court had not abused its discretion. Id . at ¶ 30-31 (Klatt, J., dissenting).
{¶ 6} D.S. appealed. We agreed to accept jurisdiction over the appeal, 146 Ohio St.3d 1514, 2016-Ohio-7199, 60 N.E.3d 6, which presents the following propositions of law:
1. A juvenile court's decision to utilize non-judicial community resources in lieu of criminal prosecution is [a] matter Juv.R. 9(A) entrusts to the discretion of the juvenile court. That decision may not be overturned on appeal in the absence of an abuse of discretion.
2. R.C. 2907.05(A)(4) is unconstitutional as applied to a child under the age of 13, who allegedly engaged in sexual contact with another child under 13.
Analysis
{¶ 7} We are faced with two propositions of law, only one of which presents a constitutional query. "It is well settled that this court will not reach constitutional issues unless absolutely necessary." State v. Talty , 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. We should avoid reaching a constitutional question when *112 "other issues are apparent in the record which will dispose of the case on its merits." Greenhills Home Owners Corp. v. Greenhills , 5 Ohio St.2d 207, 212, 215 N.E.2d 403 (1966). The juvenile court gave two independent reasons for dismissing this case: (1) the court found that it was not "in the best interest of either child" for the case to continue, given that Juv.R. 9(A) directs that "formal court action should be avoided" when possible, and (2) the court found R.C. 2907.05(A)(4) unconstitutional as applied in this case. Either reason for dismissal would be dispositive of this matter were we to agree with the juvenile court. For that reason, we first consider whether dismissal was proper under Juv.R. 9(A). *940 {¶ 8} Under Juv.R. 9(A), some-but not all-juvenile complaints go to a "formal" delinquency proceeding. The rule provides: "In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court." (Emphasis added.) As is true of all the Juvenile Rules, Juv.R. 9(A) is meant to be "liberally interpreted and construed" in order "to provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community," Juv.R. 1(B)(3), and "to protect the public interest by treating children as persons in need of supervision, care and rehabilitation," Juv.R. 1(B)(4). Clearly, juvenile courts are vested with considerable discretion by virtue of the language of the foregoing rules. For that reason, we will not reverse an order to dismiss a complaint under Juv.R. 9(A) absent an abuse of discretion. A court abuses its discretion by taking action that lacks reason, justification, or conscience. See Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983) (" 'The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable' "), quoting State v. Adams , 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).
{¶ 9} We have considered Juv.R. 9(A) only once before, in In re M.D. , 38 Ohio St.3d at 153-154, 527 N.E.2d 286. M.D. was a 12-year-old girl who allegedly caused a five-year-old boy to rape a five-year-old girl. M.D. was charged with one delinquency count of complicity to rape. The other children testified in juvenile court in M.D.'s case that "they, with M.D., were 'playing doctor,' and that at the direction of M.D., [the boy] dropped his pants and placed his penis in [the girl's] mouth, ostensibly because M.D. had instructed them to take temperature that way." Id. at 150, 527 N.E.2d 286. M.D. was adjudicated delinquent by the juvenile court, and the court of appeals affirmed. We reversed, holding that "to bring such charges in juvenile court, under the instant circumstances, is contrary to" Juv.R. 9(A) and to other policies underlying the juvenile-court system. Id . We relied on the language of Juv.R. 1(B) when we explained that "[t]he best interests of the child and the welfare and protection of the community are paramount considerations in every juvenile proceeding in this state." Id. at 153, 527 N.E.2d 286.
*113 {¶ 10} Our holding in M.D. necessarily contemplated that in an appropriate case, a juvenile court may reasonably exercise its discretion to dismiss a juvenile complaint upon the evidence available on the face of the complaint. We recognized that " 'the trauma which the impending trial is causing and could cause the family is far more serious than the alleged acts, which * * * [the family] truly believe[s] [were] just kids playing doctor.' " (Ellipsis and brackets sic.) Id. at 154, 527 N.E.2d 286, quoting the motion to dismiss filed in juvenile court by counsel for the five-year-old boy. We stated that upon the filing of the complaint against M.D., "it reasonably devolved on the juvenile judge to dismiss it" pursuant to the mandates of the policies embodied in the relevant statutes and in Juv.R. 9(A). Id .
{¶ 11} Turning to the present case, we hold that the juvenile court did not abuse its discretion by dismissing the matter pursuant to Juv.R. 9(A). The juvenile court was aware of the relative ages of the children involved in the charged incidents, was aware that there was no allegation of force or threat of force, and was aware of the general nature of the sex acts alleged in the complaint, as developed in the record up to that point through the parties' filings and the transcript of the hearing held before *941 the magistrate. The court considered these facts, reasoning through and balancing many of the same interests we considered in M.D . We cannot say that the order to dismiss under Juv.R. 9(A) was an abuse of discretion. As the state argued, a full formal court proceeding would no doubt have developed a more detailed factual record upon which the juvenile court might have relied in determining the proper outcome in this case. But that is precisely the kind of proceeding that Juv.R. 9(A) empowers a juvenile court to avoid-a review of the details of a sexual interaction between children under the age of 13. A juvenile court's primary concern is not always to determine culpability for acts that would be crimes if committed by an adult. As we have recognized in the past, holding a formal proceeding to determine whether a child was motivated by innocent curiosity or by culpable sexual gratification may be as bad or worse for the children involved-and for society-as was the act itself. See M.D. , 38 Ohio St.3d at 154, 527 N.E.2d 286. The juvenile court must exercise its discretion in deciding the best course, and we owe substantial deference to the court's decision.
{¶ 12} We do not need to reach the constitutional question. We therefore do not consider whether R.C. 2907.05(A)(4) is unconstitutional as applied to the facts of this case pursuant to our decision in D.B. , 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528.
Conclusion
{¶ 13} Given our conclusion that the juvenile court did not act unreasonably in the circumstances, we cannot substitute our own judgment in place of the order of that court. Likewise, the court of appeals should not have reversed the order to *114 dismiss. Accordingly, we reverse the judgment of the court of appeals and reinstate the order of the juvenile court.
Judgment reversed.
O' Connor, C.J., and O'Donnell, J., concur.
Fischer, J., concurs in judgment only, with an opinion.
Kennedy, J., dissents, with an opinion joined by French and DeWine, JJ.
Fischer, J., concurring in judgment only.
{¶ 14} In this case, appellant, D.S., has asked us to hold that a juvenile court's decision to dismiss the charges against him under Juv.R. 9(A) may be overturned only when the juvenile court has abused its discretion. I would resolve this case by answering two narrow questions: (1) is a ruling under Juv.R. 9(A) to dismiss charges reviewed for an abuse of discretion? The answer is yes. And (2) did the juvenile court abuse its discretion in this case? The answer is no. Thus, I agree with the lead opinion's conclusions and concur in the judgment.
{¶ 15} I do not join the lead opinion, however, because the lead opinion uses language that could be interpreted as an expansion of the material rights of juveniles when there is no basis in law to support such an expansion. D.S. has not asked us to provide such a broad holding, and it is not necessary to do so in order to decide this case.