[Cite as *In re A.B.*, 2024-Ohio-5453.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| [A.B.], a minor child, | : | No. 23AP-608 |
| | | (C.P.C. No. 21JU-11814) |
| | : | |
| | | (REGULAR CALENDAR) |
| [State of Ohio, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on November 19, 2024

**On brief:** *Mitchell A. Williams*, Public Defender, and *George M. Schumann*, for minor child A.B. **Argued:** *George M. Schumann*.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellant. **Argued:** *Seth L. Gilbert*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} The State of Ohio appeals the September 7, 2023 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which overruled the state's objection to a magistrate's decision, granted the subject minor child's objection to that magistrate's decision, and dismissed this case pursuant to *In Re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, Juv.R. 9(A), and *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289.

{¶ 2} By the state's own admission, it has filed this appeal only "to preserve its ability to ask the Supreme Court to either overrule *In re D.B.* in its entirety or, at the very least, partially overrule *In re D.B.* so as to modify its as-applied holding to cases where the charging decision truly is arbitrary or discriminatory * * *." (Am. Brief of Appellant at 2-3.)

{¶ 3} The complaint charged A.B. with four counts of rape under R.C. 2907.02(A)(1)(b), asserting that he "did engage in sexual conduct with another [person] * * * less than thirteen years of age, whether or not the offender knows the age of the other person. To wit: [A.B.] did have anal sex with his six year old brother (JB) while at their home [ ] in Reynoldsburg." (Dec. 6, 2021 Compl.)

{¶ 4} On October 28, 2022, A.B. filed a motion to dismiss the case based on *In Re D.B.*, 2011-Ohio-2671, and Juv.R. 9, arguing that the application of R.C. 2907.02(A)(1)(b) to him violated the due process and equal rights clauses of the Ohio Constitution, as when the alleged offenses occurred A.B. was younger than 13 and therefore within the class of children intended to be protected by the statute. *See also In re M.D.*, 38 Ohio St.3d 149 (1988) and *In re D.S.*, 2017-Ohio-8289. The state filed a memorandum in response acknowledging that "this court is bound by the decision in *In re D.B.*," but indicating that it "disagree[d] with the ruling in *In re D.B.* and respectfully reserves our right to appeal the issues there in [sic]." (Feb. 1, 2023 State's Memo Contra to Minor Child's Mot. to Dismiss & Mot. to Suppress at 3.)

{¶ 5} Following a March 2, 2023 hearing, on April 6, 2023, the assigned magistrate journalized an entry dismissing the charges in the complaint. On April 19, 2022, the state filed objections to the dismissal, arguing that *In re D.B.* was wrongly decided. On September 7, 2023, the trial court overruled the state's objection and sustained the magistrate's dismissal of the case:

> In the case of *In re D.B.*, the Supreme Court of Ohio held, "[a]s applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement..." * * * Thus, in addition to alleging sexual activity between children who are under the age of thirteen (13), the Prosecutor would have to assert that additional factors were present in order to charge a child under the age of thirteen (13) with the offense of rape.

(Sept. 7, 2023 Decision & Entry at 2.) The trial court also observed that "[t]he State did not allege any of the exceptions that were specified in the ruling of *In re D.B.*, which was decided by the Supreme Court of Ohio in 2011. Given the Supreme Court of Ohio's ruling, as charged, this case should not have been filed. The Complaint is in direct contravention of

current caselaw. Therefore, the minor child's request for a dismissal pursuant to Rule 9 is **Granted**." (Emphasis sic.) *Id.* at 3.

{¶ 6} The state asserts two assignments of error with the trial court's judgment dismissing the case:

> [I.] The juvenile court erred and abused its discretion in dismissing the complaint on the ground that R.C. 2907.02(A)(1)(b) as applied to A.B. violates due process and equal protection.
>
> [II.] The juvenile court erred and abused its discretion in dismissing the complaint under Juv.R. 9.

{¶ 7} R.C. 2907.02(A)(1)(b) provides that "[n]o person shall engage in sexual conduct with another when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." In *In re D.B.*, 2011-Ohio-2671, the Supreme Court dismissed charges under that section against a 12-year-old boy alleged to have engaged in sexual conduct with both an 11-year-old boy and another 12-year-old boy, holding that "R.C. 2907.02(A)(1)(b) is unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13." *In re D.B.* syllabus. In *In re D.S.*, 2017-Ohio-8289, the court held that pursuant to *In re D.B.* and *In re M.D.*, 38 Ohio St.3d 149 (1988), a trial court did not abuse its discretion when it dismissed gross sexual imposition charges against a 12-year-old subject minor prior to a "full formal court proceeding" pursuant to Juv.R. 9(A)—in *In re M.D.*, the court had reversed the trial court's refusal to dismiss a delinquency count of complicity to rape against a 12-year-old girl who allegedly caused a 5-year-old boy to rape a 5-year-old girl, observing that "to bring such charges in juvenile court, under the instant circumstances, is contrary to R.C. Chapter 2151 and Juv. R. 9(A), violates the intake policy of the Cuyahoga County Juvenile Court, and public policy in general, and thus constitutes a denial of due process of law." *Id.* at 150.

{¶ 8} The state concedes that *In re D.B.* and *In re D.S.* are controlling, and that both the trial court and this court are required to follow *In re D.B.* It recognizes that the trial court was required to dismiss this case pursuant to *In re D.B.*, and that under *In re D.S.* the trial court did not abuse its discretion in dismissing the case on the face of the complaint prior to any formal proceedings. Therefore, the state admits that based on *In re*

*D.B.*, its first assignment of error must be overruled, and based on *In re D.S.* and *In re M.D.*, its second assignment of error must be overruled as well. We see no flaw in this position. For the foregoing reasons, the state's two assignments of error are overruled, and the judgment of the Franklin County court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.

*Judgment affirmed.*

LELAND, J., concurs.
LUPER SCHUSTER, J., concurring separately.

LUPER SCHUSTER, J., concurring.

{¶ 9} While I concur in the judgment of the majority overruling the state's two assignments of error, I write separately to clarify my reasoning.

{¶ 10} Some discussion of the procedural history is relevant to my opinion. In a December 6, 2021 complaint, the state alleged A.B., who was 12 years old at the time, to be a delinquent child for having committed acts that would be charged as four counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, if committed by an adult. The complaint specified relative to each count A.B. "did have anal sex with his six year old brother * * * while at their home." (Compl. at 1-4.) A.B. subsequently filed a motion to dismiss the complaint pursuant to *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, and Juv.R. 9 because he was younger than 13 years old when the offenses occurred. The state opposed A.B.'s motion, acknowledging *In re D.B.* but expressing disagreement with its application to the facts of the instant case. Following a hearing, the magistrate issued an entry dismissing the complaint pursuant to *In re D.B.*

{¶ 11} As the majority notes, both the state and A.B. filed objections to the magistrate's decision. In its objections, the state argued *In re D.B.* had been wrongly decided and should not apply to the facts of the instant case, asserting prosecutors should have discretion to determine when dismissal of a juvenile complaint alleging a violation of R.C. 2907.02(A)(1)(b) is appropriate where the offender is less than 13 years of age. A.B. agreed with the magistrate's dismissal pursuant to *In re D.B.* but filed an objection to the magistrate's failure to additionally dismiss the case pursuant to Juv.R. 9. The trial court then issued a September 7, 2023 decision and entry overruling the state's objection and

sustaining A.B.'s objection. The trial court found *In re D.B.* to be binding precedent and noted the state did not allege any of the exceptions specified in that case that would prevent dismissal. Additionally, the trial court found dismissal was appropriate under Juv.R. 9 because, pursuant to the Supreme Court of Ohio's holding in *In re D.B.*, the case should not have been filed as charged.

{¶ 12} On appeal, the state's two assignments of error assert the trial court erred in dismissing the complaint pursuant to *In re D.B.* and pursuant to Juv.R. 9. Though I agree with the majority that we must overrule the state's two assignments of error, I wish to clarify that the *state* does not agree, as the majority suggests, that its assignments of error must be overruled. Instead, though the state concedes *In re D.B.* requires dismissal of the complaint, the state nonetheless disagrees with the holding of *In re D.B.* Based on its disagreement with *In re D.B.*, the state argues the trial court should not have dismissed under Juv.R. 9 because the sole basis for the trial court's Juv.R. 9 dismissal was the holding in *In re D.B.* Despite the state's expressed opposition with the breadth of the holding in *In re D.B.*, I agree with the majority that we are bound by the Supreme Court's precedent. Accordingly, I would overrule the state's two assignments of error but would not suggest the state agrees with that resolution.

{¶ 13} For these reasons, I concur separately.

_____