[Cite as *In re B.O.*, 2017-Ohio-43.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re B.O.

Court of Appeals No. H-16-022

Trial Court No. SO 2015 00007

**DECISION AND JUDGMENT**

Decided: January 6, 2017

* * * * *

Paul D. Dolce, for appellant.

Daivia S. Kasper, Huron County Prosecuting Attorney, and
Dina Shenker, Assistant Prosecuting Attorney, for appellee.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, B.O., appeals the judgment of the Huron County Court of

Common Pleas, Juvenile Division, adjudicating him delinquent, placing him in the legal

custody of the Department of Youth Services for a period of six months, and ordering him to serve 90 days in detention. We affirm.

## A. Facts and Procedural Background

{¶ 2} On August 24, 2015, the state filed a delinquency complaint in the trial court, charging appellant with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult. The complaint alleged that appellant, a 12 year old child at the time, touched his half sister's vaginal area with his tongue and had her touch his penis with her hand. The victim was seven years old at the time of the offense.

{¶ 3} Following preliminary discovery, appellant filed a motion to dismiss, in which he argued that the charges against him should be dismissed because the charges violated his constitutional rights. Specifically, appellant cited to a decision of the Supreme Court of Ohio that held that R.C. 2907.02(A)(1)(b), the statutory rape statute, was unconstitutional as applied to a child under the age of 13 who engaged in sexual conduct with another child under the age of 13 because both children would technically be guilty under the statute since statutory rape is a strict liability crime. *In re. D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, syllabus. Charging only D.B. with statutory rape was found to be a violation of D.B.'s right to equal protection. *Id.* at ¶ 30.

{¶ 4} Analogizing the elements of the statutory rape statute with those under R.C. 2907.05(A)(4), appellant concluded that it was unconstitutional for the state to charge

2.

him with gross sexual imposition for nonforcible sexual contact with someone under the age of 13 where he was also under the age of 13.

{¶ 5} Upon consideration of appellant's argument, the trial court issued its decision on November 5, 2015. In its decision, the court noted that gross sexual imposition and statutory rape have different elements. In particular, the court concluded that gross sexual imposition, unlike statutory rape, is not a strict liability offense because it requires a showing that the perpetrator touched an erogenous zone of another for the purpose of sexually arousing or gratifying either person. Under the court's reasoning, this additional mens rea element helped differentiate the victim from the offender in these cases and resolved the constitutional concern raised in *In re D.B.* concerning statutory rape. Ultimately, the court denied appellant's motion to dismiss, and the matter proceeded through discovery.

{¶ 6} On April 19, 2016, an adjudicatory hearing was held, and appellant was found to be delinquent. At his subsequent dispositional hearing, appellant was ordered to serve 90 days in detention, and was placed in the legal custody of the Department of Youth Services (DYS) for a period of six months. The trial court suspended 30 days of the detention sentence, as well as the six month DYS sentence, upon certain conditions. It is from this order that appellant has timely appealed.

## B. Assignment of Error

{¶ 7} On appeal, appellant assigns the following error for our review:

> The trial court erred in denying the juvenile's motion to dismiss.

3.

## II. Analysis

{¶ 8} In his sole assignment of error, appellant contends that the trial court erroneously denied his motion to dismiss. In support, he raises the same constitutional arguments he raised with the trial court; namely, that charging him with gross sexual imposition under R.C. 2907.05(A)(4) violates his constitutional rights to equal protection and due process as discussed regarding a charge of statutory rape in *In re D.B*. The state responds by noting that appellant has failed to cite to any authority that supports an extension of the Supreme Court's holding in *In re D.B*. to cases involving gross sexual imposition under R.C. 2907.05(A)(4). On the contrary, the state notes that courts that have addressed this argument have universally found that R.C. 2907.05(A)(4) is constitutional as applied to offenders who are under the age of 13.

{¶ 9} A party can challenge a statute as being unconstitutional on its face or as applied to a particular set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. The party contending that a statute is unconstitutional as applied bears the burden to present clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional and void when applied to those facts. *Id.* at ¶ 38.

{¶ 10} In *In re K.C.*, 32 N.E.3d 988, 2015-Ohio-1613 (1st Dist.), the court was presented with the same argument advanced by appellant in this case concerning the application of the holding in *In re D.B*. to gross sexual imposition cases involving juveniles under the age of 13. The court examined the Supreme Court's rationale in *In re*

4.

*D.B.* and found it to be inapplicable to a charge of gross sexual imposition under R.C. 2907.05(A)(4). *Id.* at ¶ 13. The court concluded that gross sexual imposition is not a strict liability offense since it requires proof of "sexual contact," which is defined by statute as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

**{¶ 11}** Upon review, we agree with our sister court that gross sexual imposition under R.C. 2907.05(A)(4) is not a strict liability offense. Indeed, the Supreme Court of Ohio has stated that the mens rea of purpose applies to the sexual-contact element of R.C. 2907.05(A)(4). *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 23. The inclusion of a mens rea element distinguishes gross sexual imposition under R.C. 2907.05(A)(4) from statutory rape by "provid[ing] a way to differentiate between the victim and the offender." *In re K.C.* at ¶ 13. Simply put, the victim and the offender in these cases are not treated alike because they are not similarly situated. The mens rea element forces the state to introduce evidence to demonstrate that the juvenile it has charged with the crime of gross sexual imposition was the offender. Therefore, the equal protection and due process concerns raised by the Supreme Court of Ohio in *In re D.B.* are not present here. *See In re K.A.*, 8th Dist. Cuyahoga Nos. 98924, 99144, 2013-Ohio-2997, ¶ 11-12; *In re T.A.*, 2d Dist. Champaign Nos. 2011-CA-28, 2011-CA-35, 2012-Ohio-3174, ¶ 26.

5.

**{¶ 12}** In light of the foregoing, we find no merit to appellant's constitutional arguments concerning the application of R.C. 2907.05(A)(4) to juvenile offenders under the age of 13. Therefore, we hold that the trial court properly denied appellant's motion to dismiss. Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

**{¶ 13}** For the foregoing reasons, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                         JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.                    _____
CONCUR.                                              JUDGE

                                                _____
                                                         JUDGE