[Cite as *In re J.T.*, 2018-Ohio-457.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PAULDING COUNTY

IN RE:

     J.T.,

ADJUDICATED DELINQUENT CHILD.

CASE NO. 11-17-03

O P I N I O N

Appeal from Paulding County Common Pleas Court
Juvenile Division
Trial Court No. 20162084

Judgment Affirmed

Date of Decision: February 5, 2018

APPEARANCES:

    *Timothy C. Holtsberry* for Appellant

    *Matthew A. Miller* for Appellee

**ZIMMERMAN, J.**

{¶1} This is an appeal from the Paulding County Court of Common Pleas, Juvenile Division's April 26, 2017 judgment entry of adjudication and July 7, 2017 judgment entry of disposition. Appellant, J.T. ("Appellant"), appeals.

*Facts and Procedural History*

{¶2} On September 19, 2016, a complaint was filed in the Paulding County Juvenile Court alleging that the (then) 9-year-old Appellant committed one count of gross sexual imposition against 7-year-old C.M. The complaint stems from an incident that occurred on August 10, 2016.

{¶3} The record reveals that on August 10, 2016, Appellant was with his legal custodian, Sharon Van Vlerah ("Sharon") at C.M.'s house. Appellant and C.M. were swimming while Sharon and Patricia Gillett ("Patricia"), C.M.'s mother, visited. After swimming, Appellant and C.M. ate dinner, and then 'disappeared'. Patricia noticed the kids were not swimming in the pool, or playing on the trampoline so she went looking for them. She ultimately found Appellant and C.M. in a bathroom with the door locked.

{¶4} When locating Appellant and C.M., Patricia demanded to know what they were doing in the bathroom and ordered them to unlock the door. After the door was unlocked, Patricia entered the bathroom and saw Appellant pulling his shorts up and noticed that he had an erection. When Patricia questioned what the

two were doing, C.M. started crying and Appellant stated "the same thing that I was doing on the trampoline".[1] (Tr. 11).

{¶5} Later that evening, Patricia took C.M. to Defiance ProMedica to have him medically checked. However, she was informed that the facility did not handle children and was advised to take C.M. to Toledo ProMedica. Once at Toledo ProMedica, C.M. was examined and a rape kit was secured from him. During the medical examination, it was determined that C.M. had a recent tear to his anus. (Tr. 23-24). C.M.'s medical report was forwarded to the Paulding County Sheriff's office, along with a phone call (from Toledo ProMedica) to advise the Sheriff's office of the incident.

{¶6} Thereafter, Deputy Wobler of the Paulding County Sheriff's office interviewed Appellant about the incident. At the adjudicatory hearing, Deputy Wobler testified that Appellant admitted to 'humping' C.M. Appellant also told Deputy Wobler that first C.M. 'humped' him and then they turned around and Appellant 'humped' C.M. Appellant further admitted (to Deputy Wobler) to having an erection and to penetrating C.M.'s anus. (Tr. 67-68).

{¶7} Ultimately, a complaint was filed against Appellant in the trial court charging him with one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult. (Doc. 1).

---

[1] In the transcript, there is reference to an earlier incident wherein J.T. tried to 'hump' C.M. on the trampoline. (Tr. 14).

{¶8} On February 27, 2017, Appellant filed a motion to dismiss the complaint in the trial court (Doc. 15). Appellant argued that the charge of gross sexual imposition should be dismissed because the statute, as applied to him, was unconstitutional. Specifically, Appellant cited the decision of the Supreme Court of Ohio in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, in which it held that R.C. 2907.02(A)(1)(b), the statutory rape statute, was unconstitutional as applied to a child under the age of 13 who engaged in sexual conduct with another child under the age of 13 because both children would technically be guilty under the statute since statutory rape was a strict liability statute.

{¶9} The trial court disagreed with Appellant's argument and overruled the motion. (Doc. 17). In its decision, the trial court concluded that since statutory rape (the charge in *D.B.*) and gross sexual imposition (the charge herein) have different culpable mental states, the constitutional concerns raised by the Supreme Court of Ohio in *D.B.* were not present in this case.

{¶10} Ultimately the case was set for an adjudicatory hearing on April 5, 2017 wherein Appellant was found by the trial judge to be a delinquent child for violating R.C. 2907.05(A)(5) and the case was scheduled for disposition, pending a pre-disposition investigation. At disposition, Appellant was placed on probation with the juvenile court. He was also ordered to attend counseling and to successfully complete the CARE Program at the Marsh Foundation, a juvenile sex offender

treatment program. It is from the adjudicatory and dispositional entries that Appellant appeals, raising two assignments of error.

*Assignment of Error No. I*

**R.C. 2907.05(A)(4) IS UNCONSTITUTIONAL AS APPLIED TO A CHILD UNDER THE AGE OF 13, WHO ALLEGEDLY ENGAGED IN SEXUAL CONTACT WITH ANOTHER CHILD UNDER THE AGE OF 13. (Trial Transcript pp. 66-67, 73-77).**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN FINDING THE APPELLANT WAS IN VIOLATION OF R.C. 2907.05(A)(4) WHEN OHIO LAW DOES NOT ALLOW THE MEMBER OF A PROTECTED CLASS OF A CRIMINAL LAW TO BE FOUND IN VIOLATION OF THAT LAW. (Trial Transcript pp. 8-15, 66-67, 73-77).**

{¶11} We find Appellant's assignments of error to be interrelated and therefore, we will address them together.

*Standard of Review*

{¶12} This case requires both the interpretation of a statute and its constitutionality, which are issues of law we review *de novo*. *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163. "*De Novo* review is independent, without deference to the lower court's decision." *Id.*, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. Of Ohio*, 64 Ohio St.3d 145, 147 (1992).

{¶13} Further, a party may challenge a statute as being unconstitutional on its face or as applied to a particular set of facts. *In re B.O.*, 6th Dist. Huron No. H-16-022, 2017-Ohio-43, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶37. The party contending that a statute is unconstitutional as applied bears the burden to present clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional and void when applied to those facts. *Id.*

{¶14} We note, however, R.C. 2721.12(A) prevents the courts in the State of Ohio from determining the constitutionality of a statute unless that issue is raised in the pleadings and the Ohio Attorney General is served with such pleadings. This ensures that the Attorney General, an interested party every time the constitutionality of a statute is challenged, is given the opportunity to defend the constitutionality of such statute. *See generally*, *Mraz v. D & E Counseling Center*, 7th Dist. Mahoning No. 01 CA 176, 2002-Ohio-5213. Such did not occur in the case before us. Nevertheless, we will turn our attention to the assignments of error.

*Analysis*

{¶15} In his assignments of error, Appellant argues that a violation of R.C. 2907.05(A)(4) is unconstitutional as applied to a child under the age of thirteen because it violates due process and equal protection rights. Further, Appellant asserts that a child under the age of thirteen cannot be found to have violated R.C. 2907.05(A)(4) because such child is a member of a protected class under that statute.

Specifically, Appellant contends that his conviction for gross sexual imposition violated his constitutional rights because R.C. 2907.05(A)(4) protected victims under the age of 13, and because he was under 13 when the offense occurred, the application of the statute is unconstitutionally vague. We disagree.

{¶16} In his argument, Appellant relies on *D.B.*, *supra*. In *D.B.*, a 12-year-old child was found to be delinquent for committing the offense of statutory rape against a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). R.C. 2907.02(A)(1)(b) provides that "anyone who engages in sexual conduct with a minor under the age of 13 commits statutory rape regardless of whether force was used". Sexual conduct, as defined in R.C. 2907.01(A), "means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

{¶17} In *D.B.*, the Supreme Court of Ohio held:

**As applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an**

**offender and a victim, and the distinction between those two terms breaks down.** *In re D.B.*, *supra*, at ¶24.

**{¶18}** Furthermore, the Supreme Court of Ohio determined that the application of the statutory-rape statute violated D.B.'s rights to equal protection and that under the plain language of the statute "every person who engages in sexual conduct with a child under the age of 13 is strictly liable for statutory rape, and the statute must be enforced equally and without regard to the particular circumstances of an individual's situation". *In re K.C.*, 1st Dist. Hamilton No. C-140307, 2015-Ohio-1613, ¶9, citing *D.B.*, *supra*. The Supreme Court determined that because D.B. and the victim were both under the age of 13, "they were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violates the Equal Protection Clause's mandate that persons similarly circumstanced shall be treated alike". *Id*.

**{¶19}** However, the case *sub judice* is distinguishable from *D.B.* because Appellant was adjudicated a delinquent child for committing gross sexual imposition, in violation of R.C. 2907.05(A)(4), not for committing statutory rape. As such, Appellant's charge involved *sexual contact*, not sexual conduct.

**{¶20}** The charge of gross sexual imposition, R.C. 2907.05(A)(4) provides that "[n]o person shall have *sexual contact* with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have *sexual contact* when * * *

the other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person". (Emphasis added). And, R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, *for the purpose of sexually arousing* or gratifying either person". (Emphasis added).

**{¶21}** In *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, the Supreme Court of Ohio addressed the culpable mental state of gross sexual imposition involving children under the age of 13. The Supreme Court determined that "the applicable mens rea of *sexual contact*, as defined in R.C. 2907.01(B), is purpose". *Id*. at ¶26. (Emphasis added). Conversely, statutory rape is a strict-liability offense and does not require a culpable mental state. Statutory rape strictly prohibits engaging in *sexual conduct* with a person under the age of 13, as opposed to engaging in *sexual contact* with a person under 13 for the purpose of sexual arousal or gratification in a gross sexual imposition charge.

**{¶22}** Thus, even though both the statutory rape and the gross sexual imposition statutes [under section (A)(4)] involve protecting children under the age of 13, gross sexual imposition requires proof of a specific culpable mental state. Specifically, gross sexual imposition, pursuant to R.C. 2907.05(A)(4) requires that the offender engage in sexual contact with the "purpose" to cause sexual arousal or

gratification, which differs from the strict-liability standard of statutory rape. Thus, the existence of the culpable mental state of "purpose" provides the avenue to differentiate a victim from an offender when both participants are less than 13 years in age.

{¶23} In the case before us, there was no arbitrary or discriminatory enforcement of the law against Appellant because only he exhibited evidence of sexual arousal or gratification from his sexual contact with C.M. pursuant to the evidence submitted at trial. The record reflects that when Appellant and C.M. were found in the bathroom together, only the Appellant had an erection, while C.M. was crying. As such, under the evidence adduced at trial, the trial court was presented with evidence to distinguish whether the Appellant was a victim or an offender of gross sexual imposition.

{¶24} In our *de novo* review, we find that competent and credible evidence is present in the record to support the trial court's adjudication of Appellant for gross sexual imposition. Evidence that the Appellant was the person "driving the incident" in the bathroom; that C.M. was afraid of the Appellant; that Appellant admitted to "humping" C.M.; and that the Appellant was observed to have an erection, exists in the record and supports that trial court's adjudication of Appellant as a delinquent child for committing the act of gross sexual imposition upon C.M.

**{¶25}** Moreover, we find that the Appellant failed to present clear and convincing evidence of a presently existing state of facts that makes the gross sexual imposition statute unconstitutional and void when applied to the Appellant. Accordingly, Appellant's assignments of error are not well taken and are overruled.

**{¶26}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Paulding County Common Pleas Court, Juvenile Division is hereby affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**