[Cite as *In re M.B.*, 2024-Ohio-5884.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: M.B.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2024 AP 04 0015

O P I N I O N

CHARACTER OF PROCEEDINGS: Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 23 JD 00264

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 12, 2024

APPEARANCES:

For Appellee

RYAN STYER
Tuscarawas County Prosecuting Attorney

KRISTINE W. BEARD
Assistant Prosecuting Attorney
125 E. High Avenue
New Philadelphia, Ohio 44663

For Appellant

LISA L. CALDWELL
Tuscarawas County Public Defender
Assistant Public Defender
203 Fair Avenue, N.E.
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1} Appellant, M.B., appeals the March 20, 2024 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, committing him to the Ohio Department of Youth Services after having adjudicated him delinquent for conduct which would constitute the offense of gross sexual imposition if committed by an adult. Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On September 29, 2023, the New Philadelphia Police Department filed a complaint alleging Appellant, then fourteen years old, was a delinquent child for committing acts which would constitute rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree if committed by an adult; and gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree if committed by an adult. Appellant appeared before the trial court on October 18, 2023, and entered a denial to the allegations set forth in the complaint.

{¶3} The matter proceeded to an adjudicatory hearing on January 4, 2024. The following evidence was presented:

{¶4} Appellant and the Victim are step-siblings. Appellant's mother and the Victim's father began dating in 2018. Appellant and his mother moved into the Victim's father's home in April, 2019. Appellant's mother and the Victim's father eventually married. The Victim stayed with the Victim's father on a week on-week off basis pursuant to court-ordered visitation. Appellant and the Victim shared a bedroom when the Victim visited. They had separate beds.

{¶5} The Victim testified the sexual assaults began approximately one month after the Victim, who was eight years old at the time, met Appellant, who was then ten or

eleven years old. Prior to Appellant and Appellant's mother moving into the Victim's father's home, Appellant and the Victim played together a few times when Appellant's mother visited the Victim's father without incident. The Victim recalled the initial assault, stating Appellant climbed into the Victim's bed, pulled down the Victim's pants, and inappropriately touched the Victim. Appellant also touched the Victim's privates both over and under the Victim's clothes. The Victim told Appellant to stop and kicked Appellant away.

{¶6}   Another evening, Appellant attempted to place his penis in the Victim's anus. The Victim stated the first incidents occurred a few weeks apart. Appellant was not successful in the first attempt to anally rape the Victim, but was successful on other occasions. The Victim was afraid and confused, and felt betrayed by Appellant. The sexual assaults lasted approximately ten minutes until Appellant stopped and went back to his bed. Appellant referred to the Victim as his "sex doll." Appellant instructed the Victim not to tell anyone or the Victim would be in trouble. Appellant physically held down the Victim during the assaults. The Victim testified the sexual assaults occurred almost every time the Victim visited the Victim's father, approximately 50-70 times. Appellant performed oral sex on the Victim 20-30 times. Appellant forced the Victim to perform oral sex on him.

{¶7}   After several years of enduring the sexual assaults, the Victim disclosed the abuse to his step-sister, who told the Victim's mother. The Victim's mother sought and obtained sole custody and the Victim's visitation with the Victim's father stopped. The Victim admitted to not being fully truthful during the forensic interview, having done so out of fear and not being ready to talk about what happened.

{¶8} The Victim's father testified he went to the police soon after the disclosure and gave a lengthy interview to detectives. The interview was admitted into evidence as State's Exhibit 1. In the record interview, the Victim's father told the detectives he and Appellant's mother confronted Appellant. The Victim's father explained Appellant admitted to sexually assaulting the Victim and placing his penis in the Victim's mouth, and further admitted he talked the Victim into the sexual activity and such had been his [Appellant's] idea. Although Appellant claimed the sexual activity only occurred one time, the Victim's father told detectives he did not believe Appellant.

{¶9} Appellant's mother testified Appellant admitted to sexually assaulting the Victim. Appellant's mother added Appellant's admission came only after the Victim's father threatened Appellant he would be raped in prison if he did not admit to the assaults.

{¶10} At the close of the State's case, Ty Graham, counsel for Appellant, made an oral motion to dismiss the complaint in its entirety, arguing the charges were unconstitutional as applied to Appellant. Attorney Graham further asserted R.C. 2907.05(A)(4) violated Appellant's right to equal protection under the law. At the close of evidence, Attorney Graham renewed the motion to dismiss. The trial court gave the State one week in which to respond. The trial court also offered the parties one week in which to file closing arguments.

{¶11} The State filed its closing argument and response to Appellant's motion to dismiss on January 12, 2024. Via Judgment Entry filed January 19, 2024, the trial court dismissed the rape count, finding R.C. 2907.02(A)(1)(b) was unconstitutional as applied to Appellant. The trial court found Appellant delinquent for committing the offense of gross sexual imposition. The trial court scheduled the matter for dispositional hearing on

January 31, 2024.  The disposition hearing was continued until March 18, 2024, in order for Appellant to undergo a sex offender risk assessment.  Via Judgment Entry filed March 20, 2024, the trial court ordered Appellant be committed to the Ohio Department of Youth Services for an indefinite term consisting of a minimum period of six (6) months to a maximum period not to exceed Appellant reaching the age of twenty-one (21).

**{¶12}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. R.C. 2907.05(A)(4) IS UNCONSTITUTIONALLY VAGUE WHEN PROSECUTING A CHILD UNDER THE AGE OF 13 YEARS OLD, WHO ALLEGEDLY ENGAGED IN SEXUAL CONTACT WITH ANOTHER CHILD UNDER THE AGE OF 13 YEARS OLD.

II. M.D. WAS DENIED HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN HE WAS ADJUDICATED DELIQUENT UNDER R.C. 2907.05(A)(4), FOR AN OFFENCE [SIC] COMMITTED WHEN HE WAS UNDER THE AGE OF THIRTEEN AND A MEMBER OF THE CLASS PROTECTED BY THE STATUTE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶13}** This case is before this Court on the accelerated calendar pursuant to App.R. 11.1, which provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶14}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Woodhall*, 2023-Ohio-1334, ¶ 3 (5th Dist.), citing *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist. 1983).

**{¶15}** This appeal shall be considered in accordance with the aforementioned rule.

I

**{¶16}** In his first assignment of error, Appellant argues R.C. 2907.05(A)(4) is unconstitutionally vague under these circumstances where the offender and the victim are both under the age of 13.

**{¶17}** At the outset, we note Appellant failed to challenge R.C. 2907.05(A)(4) as unconstitutionally vague during the trial court proceedings. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this

state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Pleatman*, 2016-Ohio-7659, ¶ 16 (1st Dist.), quoting *State v. Awan*, 22 Ohio St.3d 120, syllabus (1986).

**{¶18}** Appellant's first assignment of error is overruled.

II

**{¶19}** In his second assignment of error, Appellant contends the trial court violated his rights to due process and equal protection by adjudicating him delinquent for committing the offense of gross sexual imposition because R.C. 2907.05(A)(4) is unconstitutional as applied to a child under the age of 13. Appellant further argues a child under the age of 13 cannot be found to have violated R.C. 2907.05(A)(4) because such child is a member of a protected class under that statute.

**{¶20}** Appellate Courts throughout the State have addressed the exact constitutional challenges asserted by Appellant and found the application of R.C. 2907.05(A)(4) to juveniles under the age of 13 does not violate a juvenile's rights to due process and equal protection. See, e.g, *In re J.P.*, 2012-Ohio-1451 (11th Dist.); *In re T.A.*, 2012-Ohio-3172 (2nd Dist.); *In re B.O.*, 2017-Ohio-43 (6th Dist.); *In re D.C.*, 2018-Ohio-163 (8th Dist.); *In re J.T.*, 2018-Ohio-457 (3rd Dist.). In accord with those decisions, we find the application of R.C. 2907.05(A)(4) to Appellant herein did not violate his constitutional rights.

**{¶21}** Appellant's second assignment of error is overruled.

**{¶22}** The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur