OPINION
{¶ 1} William D. Haney appeals from his conviction of two counts of felonious assault in the Clark County Common Pleas Court. Haney's appointed appellate counsel, Cary B. Bishop, has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, requesting this Court to review the record in order to allow counsel to withdraw and to determine that Haney's rights have been protected. Haney himself contends his trial counsel was ineffective and he was sentenced improperly.
 {¶ 2} On March 26, 2005, while outside of a party in Clark County, Ohio, Haney shot and wounded two young men. At this time, Haney was under disability due to a prior conviction for trafficking in drugs. On April 4, 2005, a grand jury sitting in Clark County, Ohio indicted Haney for two counts of attempted murder with firearm specifications, two counts of felonious assault with firearm specifications, and one count of having weapons under disability. On April 5, 2005, Haney was arrested based on the above charges. On April 8, 2005, Haney entered a plea of "Not Guilty" to all charges during his arraignment.
 {¶ 3} It was determined that Haney was indigent and unable to employ counsel. Assistant Public Defender Shawn Thomas filed an appearance as trial counsel for Haney on April 13, 2005.
 {¶ 4} On June 14, 2005 a pretrial was held where defense counsel requested a computer be available to Haney to allow him to review evidence stored on CD-ROM. During this pretrial hearing, Haney informed the court about his dissatisfaction with his appointed counsel; he felt as if defense counsel Thomas was working against him. Haney told the court that he had been in the county jail for over seventy days, and had only seen Thomas once. Haney had attempted to call Thomas at his office, but Thomas was never in his office. Haney also alleges that Thomas referred to him as a "melonhead" and one time Thomas walked off laughing while Haney was asking about his case.
 {¶ 5} Thomas replied to the trial court about these allegations, stating that he made special arrangements to obtain the trial file from the prosecutor's office early in the case. Thomas asserted that he met with Haney in jail and talked with him on the phone. Thomas said he sought out witnesses for Haney, even when there were no addresses for Haney's witnesses. Thomas told the trial court that he went over discovery with Haney and answered every one of Haney's questions. Thomas stated that he and Haney had a different opinion as to the possible outcome of the case. Thomas also informed the court about the plea bargain that he had worked out with the prosecution.
 {¶ 6} On June 16, 2005, Haney entered a "Guilty" plea for two felonious assault with firearm specifications charges. The State dropped all other charges. The parties also agreed on a seven year sentence for each count, to be served concurrently.
 {¶ 7} On September 19, 2005, Haney filed a notice of appeal and a motion for a delayed appeal. This Court granted the motion on October 13, 2005.
 {¶ 8} On December 6, 2005, Cary B. Bishop was appointed as counsel to Haney for this appeal. Finding no non-frivolous errors, Bishop filed an Anders brief on March 1, 2006. On March 21, 2006, we advised Haney of Bishop's Anders brief and gave him sixty days to file a pro se brief.
 {¶ 9} Haney has submitted a brief in which he raises two assignments of error. First, he asserts that he was denied the effective assistance of counsel at trial. Second, Haney contends that his sentence exceeded the statutory maximum.
 {¶ 10} Pursuant to our responsibilities under Anders, we have conducted a complete review of the record, including the plea and sentencing-hearing transcripts.
 {¶ 11} Haney's first assignment of error is that he had ineffective counsel at the trial level. Haney asserts that his counsel did not pursue potential witnesses who would be beneficial to Haney's case, his counsel failed to raise proper objections to some phone conversations, and the trial court heard Haney's complaints at pretrial, but did nothing about them.
 {¶ 12} Haney's assertion that his counsel did not pursue potential witnesses is without merit. Although Haney was unable to provide addresses for potential witnesses, Thomas was able to subpoena a number of witnesses for the scheduled trial.
 {¶ 13} Haney then contends that he had ineffective counsel because of a failure of Thomas to properly object to the admissibility of phone conversations made or received by Haney while he was in the Clark County Jail. A jailer is permitted, absent a countervailing interest such as the attorney-client privilege, to monitor and record telephone calls in the interest of institutional security. State v. Myers, Richland App. 03-CA-61, 2004-Ohio-3052 at ¶ 59. There is no suggestion that the monitored calls were between counsel Thomas and Haney. Because there is no question of admissibility, there was no failure by counsel.
 {¶ 14} Haney argues that the court did nothing when he complained that his counsel was working against him the entire time. The trial court allowed Haney to voice his complaint and then allowed his counsel to respond. The record shows that counsel explained to the trial court all of the various things he did for Haney, including meeting with Haney in jail, searching out witnesses, going over discovery with Haney, and working on a plea bargain for Haney. From the record it is clear that the trial court heard both sides of the story and determined that counsel was working for Haney even though there was disagreement between the two parties.
 {¶ 15} This Court finds no ineffective counsel in this case. The record shows that trial counsel had Haney's best interest in mind during the case and did not violate any essential duty he owed Haney. Strickland v. Washington (1984), 446 U.S. 668. Haney's first assignment of error is overruled.
 {¶ 16} Haney's second assignment of error is that his sentence contravenes Ohio Revised Code 2929.14(B). The statute in question requires a sentencing court to impose the shortest prison sentence authorized for the offense. R.C. 2929.14(B). In this case, the parties agreed to two seven year sentences to be run concurrently. When sentences are agreed by parties and imposed by a sentencing judge, the sentence is not subject to review. R.C. 2953.08(D). "A jointly agreed-upon sentence [is] to be protected from review precisely because the parties agreed that the sentence is appropriate." State v. Jackson, Cuyahoga App. 86506, 2006-Ohio-3165. Because this Court has no right to review the sentence, there is no appealable error.
 {¶ 17} We are satisfied that Haney's plea was entered voluntarily and intelligently and that he received the effective assistance of counsel. After careful review of the entire record we are also satisfied that there are no other arguable issues and thus we affirm the trial court's judgment.
Affirmed.
Wolff, J., and Fain, J., concur.